Joel O'Malley (SBN 262958)
jomalley@nilanjohnson.com
Nicole F. Dailo (SBN 301499)
ndailo@nilanjohnson.com
**NILAN JOHNSON LEWIS PA**
120 South Sixth Street, Suite 400
Minneapolis, MN 55402-4501
Telephone:  (612) 305-7500
Facsimile:  (612) 305-7501

Attorneys for Defendants Travelers Commercial Insurance Company, Travelers Casualty Insurance Company of America, and Peggy Stephens

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LINDSEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation; PEGGY STEPHENS, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: _____<br><br>[Sacramento County Superior Court Case No. 34-2019-00262281]<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (FEDERAL QUESTION)**<br><br>**[28 U.S.C. §§ 1331, 1441, 1446]**<br><br>[Filed Concurrently with Declaration of Joel O'Malley; Certificate of Interested Parties]<br><br>Complaint Filed:  August 6, 2019<br>Trial Date: _____ |

**PLEASE TAKE NOTICE** that Defendants Travelers Commercial Insurance Company and Travelers Casualty Insurance Company of America (collectively

"Travelers")[1] and Defendant Peggy Stephens (together with Travelers, "Defendants") hereby remove this action from the Sacramento County Superior Court to the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Removal is proper based on the following grounds:

## BACKGROUND

1. On August 6, 2019, Plaintiff Brent Lindsey ("Plaintiff") commenced a civil action in Sacramento County Superior Court captioned *Brent Lindsey v. Travelers Commercial Insurance Company, Travelers Casualty Insurance Company of America, Peggy Stephens, and Does 1 through 100*, case file number 34-2019-00262281. *See* O'Malley Decl. Ex. A.

2. Plaintiff alleges eleven causes of action: (1) disability discrimination; (2) race and national origin discrimination; (3) race and national origin harassment; (4) a hostile work environment; (5) failure to accommodate Plaintiff's alleged disability; (6) failure to engage in a good faith interactive process; (7) retaliation; (8) failure to prevent retaliation; (9) failure to promote; (10) wrongful and/or constructive termination; and (11) interference with family/medical leave in violation of, among other things, the federal Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654. Compl. ¶¶ 27-119. These causes of action all generally relate to the following allegations by Plaintiff: "Plaintiff was subject to a hostile work environment . . . and was consistently harassed and discriminated against . . . to the point that Plaintiff became physically ill. . . . Plaintiff's physician placed him on medical leave until June 2019. . . . On or about April 21, 2019, Plaintiff was wrongfully terminated by

---

[1] Plaintiff names "Travelers Commercial Insurance Company" and "Travelers Casualty Insurance Company of America" as the corporate defendant employer(s) in this employment dispute. Those entities are not Plaintiff's employer; rather, Plaintiff's employer was The Travelers Indemnity Company. Notwithstanding that, the presently named Defendants, having been served with the Complaint, are removing this action to federal court.

[Travelers] for making complaints regarding the harassment and discrimination and because he was disabled." *See* Compl. ¶¶ 14, 16, 20, 23.  Plaintiff seeks an unspecified amount of compensatory damages for lost wages, employment benefits, physical injury, and emotional distress; consequential damages; punitive damages; attorney's fees; interest; and costs.  *See* Compl., Prayer for Relief ¶¶ 1-8.

## **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

3. Venue for this removal is proper because the California state court in which this action was brought is located within the Sacramento Division of the Eastern District of California.  *See* 28 U.S.C. § 1441(a).

4. Plaintiff served Travelers' registered agent with a Summons and Complaint by personal service.  *See* O'Malley Decl. Ex. A.

5. These documents, attached as Exhibit A to the Declaration of Joel O'Malley, are the only process, pleadings, or orders served on any party to the action to date.  *See* 28 U.S.C. § 1446(a).

6. Removal to this Court is timely and within the 30-day deadline.  *See* 28 U.S.C. § 1446(b).  To trigger the 30-day removal period, the facts supporting removal must be evident on the face of the complaint.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  The Complaint was served upon Travelers' registered agent on August 15, 2019.  This Notice of Removal is filed within 30 days of that date.[2]

7. Defendants are serving Plaintiff, through counsel, with written notice of the filing of this Notice of Removal, and are filing a Notice of Filing Notice of Removal with the Court Administrator for the Sacramento County Superior Court.

---

[2] Under Federal Rule of Civil Procedure 6(a)(1)(C), because the thirtieth calendar day after the date Plaintiff served Travelers with the Complaint is a Saturday, the deadline to remove is "the next day that is not a Saturday, Sunday, or legal holiday," i.e., Monday, September 16, 2019.

*See* 28 U.S.C. § 1446(d). The proof of service of this Notice of Filing Notice of Removal will be filed with this Court.

## **PLAINTIFF'S COMPLAINT PRESENTS A FEDERAL QUESTION**

8. Federal district courts have original jurisdiction over actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. An action "arises" under federal law when the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a substantial question of federal law." *Tijerino v. Stetson Desert Protect, LLC*, No. 18-16013, 2019 WL 3849570 (9th Cir. 2019) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)). Thus, "there is no serious debate that a federally created claim for relief is generally a sufficient condition for federal-question jurisdiction." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (internal quotations omitted). Further, there is no amount-in-controversy or diversity requirement for federal-question jurisdiction. *See id.*

9. The federal Family and Medical Leave Act ("FMLA") allows a qualified employee to take up to 12 weeks of unpaid leave per year for his or her own serious health condition, if that condition makes the employee unable to perform the essential functions of his or her position. 29 U.S.C. § 2612(a)(1)(D). The FMLA creates a private right of action for employees who allege their employer has interfered with, restrained, or denied their exercise of their FMLA rights, including the right to leave described above. *Id.* §§ 2615(a)(1), 2617(a).

10. Here, Plaintiff's Complaint raises a federal question in its Eleventh Cause of Action. *See* Compl. ¶¶ 106-19. This cause of action specifically references the FMLA, lists Plaintiff's rights under the FMLA, and alleges Defendants interfered with those rights. *Id.* Plaintiff also cites to the specific provision of the FMLA that allows him to file a civil claim against Defendants based on his allegations. *Id.* ¶ 108. Thus, on its face, the Complaint establishes that the FMLA, a federal law, creates the

Eleventh Cause of Action.  This Court has federal-question jurisdiction, and removal is proper.

## **THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS**

11.     If a district court has federal-question jurisdiction over a complaint that also contains state law claims, the district court may exercise supplemental jurisdiction over those state law claims that are part of the "same case or controversy" as the federal claims. 28 U.S.C. § 1367(a).  The "same case or controversy" requirement means the federal and state law claims must share a "common nucleus of operative fact," such that the plaintiff would be expected to litigate the claims together.  *Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

12.     Here, Plaintiff's remaining state law claims are part of the same case or controversy as Plaintiff's federal FMLA claim.  Every cause of action in Plaintiff's Complaint, whether brought under state or federal law, arises out of the same allegations: namely, that Plaintiff experienced harassment, discrimination, and retaliation while employed with Travelers; subsequently fell ill and took a leave of absence; and was terminated as a result.  *See* Compl. ¶¶ 11-26.  Adjudication of Plaintiff's FMLA claim will require the factfinder to evaluate, for example, the nature and extent of Plaintiff's claimed disability or other medical condition; the sufficiency of Defendants' efforts to accommodate Plaintiff's leave of absence; and whether Plaintiff was terminated for unlawful reasons.  These issues are intertwined with, or at least have bearing on, Plaintiff's remaining state law claims, especially those alleging disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and wrongful and/or constructive termination.  Therefore, to promote judicial economy and ensure consistent results, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims and try them together with Plaintiff's federal FMLA claim.

## NON-WAIVER OF DEFENSES

13. By this Notice of Removal, Defendants do not waive any objections to defects in process or service of process, jurisdiction, venue, or any other defense.

14. By this Notice of Removal, Defendants do not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Defendants give notice that this action is removed from Sacramento County Superior Court to the United States District Court for the Sacramento Division of the Eastern District of California.

DATED: September 16, 2019   NILAN JOHNSON LEWIS PA

By:   *s/ Joel O'Malley*
Joel O'Malley
Attorneys for DEFENDANTS

# PROOF OF SERVICE

**STATE OF MINNESOTA, COUNTY OF HENNEPIN**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Hennepin, State of Minnesota. My business address is 120 South Sixth Street, Suite 400, Minneapolis, MN 55402.

On September 16, 2019, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** on the interested parties in this action as follows:

| Brent Lindsey | **Plaintiff**<br>Kevin A. Lipeles<br>Thomas H. Schelly<br>LIPELES LAW GROUP, APC<br>880 Apollo Street, Suite 336<br>El Segundo, California 90245 |
|---|---|

**BY OVERNIGHT MAIL:** By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for. I declare under penalty of perjury under the laws of the State of Minnesota that the foregoing is true and correct.

Executed on September 16, 2019, at Minneapolis, Minnesota.

*s/ Marilyn R. Grossman*
Marilyn R. Grossman