Joel O'Malley (SBN 262958)
jomalley@nilanjohnson.com
Nicole F. Dailo (SBN 301499)
ndailo@nilanjohnson.com
**NILAN JOHNSON LEWIS PA**
120 South Sixth Street, Suite 400
Minneapolis, MN 55402-4501
Telephone:  (612) 305-7500
Facsimile:  (612) 305-7501

Attorneys for Defendants Travelers
Commercial Insurance Company, Travelers
Casualty Insurance Company of America, and
Peggy Stephens

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LINDSEY, an individual,<br><br>             Plaintiff,<br><br>    vs.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation; PEGGY STEPHENS, an individual; and DOES 1 through 100, inclusive,<br><br>             Defendants. | CASE NO.: _____<br><br>[Sacramento County Superior Court Case No. 34-2019-00262281]<br><br>**DECLARATION OF JOEL O'MALLEY IN SUPPORT OF NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1331, 1441, 1446]**<br><br>[Filed Concurrently with Notice of Removal; Certificate of Interested Parties]<br><br>Complaint Filed:  August 6, 2019<br>Trial Date: _____ |

I Joel O'Malley, declare:

1.     I am a Shareholder with the law firm of Nilan Johnson Lewis PA, counsel of record for Defendants in this action.  I submit this Declaration in support of Defendants' Notice of Removal.  I have personal knowledge of the following and could competently testify thereto if called upon to do so.

2.      The registered agent for Defendants Travelers Commercial Insurance Company and Travelers Casualty Insurance Company Of America was personally served with the Summons and Complaint in this matter on August 15, 2019. A true and correct copy of the Notice of Service of Process, Summons, and Complaint is attached hereto as **Exhibit A**.

3.      Defendants are not aware that any Doe Defendants have been served with a copy of the Summons and Complaint or that they have been named as parties to the State Court Action.

4.      No other previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 16th day of September, 2019, in Minneapolis, Minnesota.

*s/ Joel O'Malley*

Joel O'Malley
Attorneys for DEFENDANTS

**PROOF OF SERVICE**

**STATE OF MINNESOTA, COUNTY OF HENNEPIN**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Hennepin, State of Minnesota.  My business address is 120 South Sixth Street, Suite 400, Minneapolis, MN 55402.

On September 16, 2019, I served true copies of the following document(s) described as **DECLARATION OF JOEL O'MALLEY IN SUPPORT OF NOTICE OF REMOVAL** on the interested parties in this action as follows:

| Brent Lindsey | **Plaintiff**<br>Kevin A. Lipeles<br>Thomas H. Schelly<br>LIPELES LAW GROUP, APC<br>880 Apollo Street, Suite 336<br>El Segundo, California 90245 |
| --- | --- |

**BY OVERNIGHT MAIL:**  By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for. I declare under penalty of perjury under the laws of the State of Minnesota that the foregoing is true and correct.

Executed on September 16, 2019, at Minneapolis, Minnesota.


 *s/ Marilyn R. Grossman*
Marilyn R. Grossman

# EXHIBIT A



# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 20249870**
**Date Processed: 08/16/2019**

**Primary Contact:**
Pamela Beyer
The Travelers Companies, Inc.
385 Washington Street,  9275-LC12L
Saint Paul, MN 55102

| | |
|---|---|
| **Entity:** | Travelers Casualty Insurance Company of America<br>Entity ID Number  2317367 |
| **Entity Served:** | Travelers Casualty Insurance Company of America |
| **Title of Action:** | Brent Lindsey vs. Travelers Commercial Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Sacramento County Superior Court, CA |
| **Case/Reference No:** | 34-2019-00262281 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/15/2019 |
| **Answer or Appearance Due:** | 30  days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Thomas H Schelly<br>310-322-2211 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento

08/06/2019

jhan

By _____ , Deputy

Case Number:
34-2019-00262221

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRAVELERS COMMERCIAL INSURANCE COMPANY, a
Connecticut corporation; Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRENT LINDSEY, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Gordon D. Schaber Courthouse<br>720 9th Street, Room 102, (1st Floor), Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas H. Schelly, Lipeles Law Group, APC, 880 Apollo St., Ste. 336, El Segundo, CA 90245 310-322-2211

| DATE:<br>*(Fecha)* AUG 0 6 2019 | Clerk, by<br>*(Secretario)* J. HALL | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Travelers Casualty Insurance Company of America, a Connecticut corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on (date): 8/15/19

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lindsey v. Travelers Commercial Insurance Company, et. al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation, PEGGY STEPHENS, an individual; and DOES 1 through 100, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Kevin A. Lipeles (Bar No. 244 275)
   Thomas H. Schelly (Bar No. 217 285)
2  LIPELES LAW GROUP, APC
   880 Apollo Street, Suite 336
3  El Segundo, California 90245
   Telephone: (310) 322-2211
4  Fax: (310) 322-2252

5  Attorneys for Plaintiff,
   BRENT LINDSEY
6

FILED
Superior Court Of California,
Sacramento
08/06/2019
jhall1
By _____ , Deputy
Case Number:
34-2019-00262228

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF SACRAMENTO

9   BRENT LINDSEY, an individual,          CASE NO.:

10              Plaintiff,                  COMPLAINT FOR:

11

12  vs.                                    1. DISCRIMINATION BASED ON
                                           PHYSICAL DISABILITY IN
13  TRAVELERS COMMERCIAL                   VIOLATION OF GOVT. CODE
    INSURANCE COMPANY, a Connecticut       §12940(a);
14  corporation; TRAVELERS CASUALTY        2. DISCRIMINATION BASED ON
    INSURANCE COMPANY OF AMERICA,          RACE AND NATIONAL ORIGIN IN
15  a Connecticut corporation, PEGGY       VIOLATION OF GOVT. CODE
    STEPHENS, an individual; and DOES 1    §12940(a);
16  through 100, inclusive,                3. RACE AND NATIONAL ORIGIN
                                           HARASSMENT IN VIOLATION OF
17                                         GOVT. CODE §12940(j);
                Defendants.                4. HOSTILE WORK ENVIORNMENT
18                                         IN VIOLATION OF GOVT. CODE
                                           §12940 *ET. SEQ.*;
19                                         5. FAILURE TO ACCOMOMDATE
                                           PHYSICAL DISABILITY IN
20                                         VIOLATION OF GOVT. CODE
                                           §12940(m);
21                                         6. FAILURE TO ENGAGE IN A GOOD
                                           FAITH INTERACTIVE PROCESS IN
22                                         VIOLATION OF GOVT. CODE
                                           §12940(n);
23                                         7. RETALIATION IN VIOLATION OF
                                           GOVT. CODE §12940 *ET SEQ.*;
24                                         8. FAILURE TO PREVENT
                                           DISCRIMINATION FROM
25                                         OCCURRING IN VIOLATION OF
26

27

28

BY FAX

────────────────────────────────────────
       COMPLAINT AND DEMAND FOR JURY TRIAL                    1

GOVT. CODE §12940(K);
9. FAILURE TO PROMOTE IN
VIOLATION OF GOVT. CODE §12940
*ET SEQ.*;
10. WRONGFUL/CONSTRUCTIVE
TERMINATION IN VIOLATION OF
PUBLIC POLICY, GOVT. CODE
§12940 *ET SEQ.*; and
11. RETALIATION IN VIOLATION OF
THE FMLA/CFRA (29 U.S.C.
§§2615(a)(2)/GOVT. CODE 12945.2 (I).

Brent Lindsey ("Plaintiff") alleges the following:

I.  **JURISDICTION AND VENUE**

    1.    This action is brought pursuant to California Government Code §12920 *et seq.*, and the rules, regulations and directives implementing those statutes.

    2.    Venue is proper in this Court pursuant to *Code of Civil Procedure* §§ 395 and 395.5 because the events causing the injuries and/or damages occurred in Sacramento County.

II.  **PARTIES**

    3.    At all times relevant hereto, Plaintiff Brent Lindsey (hereinafter "Plaintiff") was an individual over age 18 and a resident of Sacramento County, California.

    4.    Plaintiff is informed and believes and thereon alleges that at all times material hereto, Defendant Travelers Commercial Insurance Company, (hereinafter "TCIC"), has been, and is, a Connecticut corporation, with a principal place of business at One Tower Square, Hartford, Connecticut 06183.  At all times material hereto, TCIC has been, and is, a company that provides insurance. Plaintiff is informed and believes and thereon alleges that at all times material hereto TCIC has been authorized to do business and has been doing business in the State of California.

    5.    Plaintiff is informed and believes and thereon alleges that at all times material hereto, Defendant Travelers Casualty Insurance Company of America, (hereinafter "TCICA"), has been, and is, a Connecticut corporation, with a principal place of business at One Tower Square, Hartford, Connecticut 06183.  At all times material hereto, TCICA has been, and is, a

2

1   company that provides casualty insurance. Plaintiff is informed and believes and thereon
2   alleges that at all times material hereto TCICA has been authorized to do business and has
3   been doing business in the State of California.
4       6.    Plaintiff is informed and believes and thereon alleges that Defendant Peggy
5   Stephens ("Ms. Stephens") is an individual, who at all times relevant herein, was a resident of
6   Sacramento County. Ms. Stephens was Plaintiff's supervisor.
7       7.    Plaintiff is informed and believes and thereon alleges, that at all times relevant
8   herein, Defendant and some of DOES 1 through 100 were the agents, employees, and/or
9   servants, masters, or employers of the remaining DOES 1 through 100, and in doing the things
10  herein alleged, were acting within the course and scope of such agency or employment, and
11  with the approval and ratification of each of the other Defendants.
12      8.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein
13  as DOES 1 through 100, inclusive, and therefore Plaintiff sues these Defendants by such
14  fictitious names and capacities.  Plaintiff will amend his Complaint to show their true names
15  and capacities when they have been ascertained.  Plaintiff is informed and believes and
16  thereon alleges that at all times relevant, each of these fictitiously named DOE Defendants was
17  an individual person who owned, controlled, or managed the business for which Plaintiff
18  worked and/or who directly or indirectly exercised operational control over the working
19  conditions of Plaintiff.  These DOE Defendants held ownership, officer, director and/or
20  executive positions with the remaining Defendants, and acted on behalf of the remaining
21  Defendants, which included decision-making responsibility for, and establishment of,
22  discrimination and harassment practices and policies for Defendants which have damaged
23  Plaintiff. Therefore, DOES 1 through 100, in addition to the remaining Defendants, are
24  Plaintiff's "employers" as a matter of law and liable on the causes of action alleged herein.
25      9.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 1
26  through 100 are, and at all times relevant hereto were, persons, corporations or other business
27  entities organized and existing under and by virtue of the laws of the State of California, and
28

3

COMPLAINT AND DEMAND FOR JURY TRIAL

1   are/were qualified to transact and conduct business in the State of California, and did transact

2   and conduct business in the State of California, and are thus subject to the jurisdiction of the

3   State of California.  Specifically, DOES 1 through 100 maintain offices, operate businesses,

4   employ persons, and conduct business in the County of Sacramento.

5          10.     Plaintiff is further informed and believes, and thereon alleges, that each of the

6   fictitiously named Defendants aided and assisted the named Defendants in committing the

7   wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each

8   Defendant.

9   **III.    FACTUAL ALLEGATIONS THAT ARE COMMON TO ALL CAUSES OF**

10          **ACTION**

11         11.     Plaintiff was an employee of TCIC and TCICA since September 2011. Plaintiff

12  worked as a Claims Adjuster. Plaintiff was denied a work environment free of disability, race

13  and national origin discrimination and was targeted for wrongful termination.

14         12.     In or about 2014, Ms. Stephens became Plaintiff's Field Property Lead Manager

15  ("FPLM").

16         13.     Immediately after Ms. Stephens became Plaintiff's FPLM she started to show

17  signs of apprehension toward Plaintiff due to his racial ethnicity.

18         14.     Plaintiff was subject to a hostile work environment created by Ms. Stephens and

19  was consistently harassed and discriminated against.

20         15.     Plaintiff was singled out at meetings, reprimanded, frivolous accusations were

21  made against him, he was publicly humiliated in front of colleagues, and in over 8 years

22  working for TICC and TICCA, Plaintiff was never given a raise or promotion.

23         16.     The blatant harassment and racial discrimination against Plaintiff caused

24  extreme stress and emotional distress to the point that Plaintiff became physically ill.

25         17.     Plaintiff brought the harassment and racial discrimination to the attention of his

26  managers and Human Resources representative, Cheryl Allen, to no avail.

27

28

4

COMPLAINT AND DEMAND FOR JURY TRIAL

18.     After making various complaints, Plaintiff was given an impossible workload with no help, while his co-workers were given much lighter workloads with assistance.

19.     In December 2018, Plaintiff's physician placed him on medical leave for a few days due to stress.  As such, these conditions, singularly and in the aggregate, constitute a physical disability, as that term is defined in Government Code § 12926(l)(1)(A), (B).

20.     In or about January 2019, Plaintiff was placed on leave for entire month. However, the stress worsened and Plaintiff's physician placed him on medical leave until June 2019.

21.     In the middle of April 2019, Plaintiff received correspondence from TCIC and TCICA stating that if he did not return to work, he would be terminated.

22.     Against his physician's orders, Plaintiff returned to work, and within one week, Plaintiff became so ill that he needed to be rushed to the ER and hospitalized for several days.

23.     On or about April 21, 2019, Plaintiff was wrongfully terminated by TCIC and TCICA for making complaints regarding the harassment and discrimination and because he was disabled.

24.     Defendants failed to engage in any interactive process with Plaintiff and failed to accommodate him.

25.     At all times material hereto, Defendants regularly employed five or more persons and therefore are employers, as that term is defined in *Government Code* § 12926(d).

26.     On July 23, 2019, Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH") alleging physical disability, race discrimination and failure to accommodate a physical disability by TCIC, TCICA and Ms. Stephens.  On July 23, 2019, the DFEH issued to Plaintiff a Right to Sue Notice as to TCIC, TCICA and Ms. Stephens.

5

## FIRST CAUSE OF ACTION

**(Physical Disability Discrimination in Violation of *Government Code* § 12940(a) –**

**By Plaintiff Against Defendants and Does 1 through 100)**

27.   Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

28.   Under the California Fair Employment and Housing Act ("FEHA"), *Government Code* § 12940(a) an employer cannot discriminate against an employee, because of a physical disability.

29.   Defendants' wrongful termination was motivated in substantial part by Plaintiff's physical disability, because, among other things, (1) Defendants refused to reasonably accommodate Plaintiff's physical disability; and (3) Defendants refused to engage in a good faith interactive process with Plaintiff.

30.   By retaliating and wrongfully terminating Plaintiff because of his physical disability, national origin and race, Defendants violated *Government Code* § 12940(a).

31.   As a direct and proximate result of the Defendants' conduct, individually and collectively, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

32.   As a direct and proximate result of the Defendants, Plaintiff has suffered severe and serious injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof.

33.   Defendants' conduct in discriminating against Plaintiff because of his physical disability, race and national origin subjected him to cruel and unjust hardship in conscious disregard of his rights, as it was anticipated by Defendants, that Plaintiff would be unable to find comparable employment in the foreseeable future. Plaintiff is informed and believes, and thereon alleges, that his wrongful termination by Defendants, was done with the intent to cause him injury. As a consequence of the aforesaid oppressive, malicious and despicable

6

1  conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according

2  to proof.

3      34.    Pursuant to California Government Code §12965(b), Plaintiff requests an award

4  of attorneys' fees in this action.

5                    **SECOND CAUSE OF ACTION**

6   **(Discrimination Based on Race and National Origin in Violation of Govt. Code**

7   **§12940(a)– By Plaintiff against Defendants and Does 1 through 100)**

8      35.    Plaintiff realleges and incorporates by reference all of the allegations set forth in

9  this Complaint.

10      36.    California Government Code section 12940(a) prohibits discrimination,

11  including adverse employment action against an employee based on race and national origin,

12  among other protected bases.

13      37.    Throughout Plaintiff's employment at TCIC and TCICA, he was regularly

14  subjected to racial and national origin discrimination.

15      38.    All of the conduct by Defendants was done with the full knowledge and

16  ratification of the management employees of TCIC and TCICA, and was consistent with the

17  recognized policies and procedures of TCIC and TCICA, which tolerated and encouraged such

18  discriminatory racial conduct.

19      39.    Defendants were aware of the discriminatory conduct and did not take effective,

20  good faith action to investigate, remedy, prevent, or stop the racial and national origin

21  discrimination.

22      40.    At all times herein mentioned, Defendants were legally required to refrain from

23  discriminating against and harassing any employee on the basis of race and national origin,

24  among other things. Within the time provided by law, Plaintiff filed a complaint with the

25  California Department of Fair Employment and Housing, in full compliance with these

26  sections, and he received a right to sue letter.

27

28

7

COMPLAINT AND DEMAND FOR JURY TRIAL

41.    Defendants' conduct resulted in the damages and injuries to Plaintiff as alleged in this Complaint. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

42.    Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

43.    Defendants did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts were against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

44.    All actions of Defendants were known, ratified and approved by the officers or managing agents of Defendants. Therefore, Plaintiff is entitled to punitive or exemplary damages against the Defendants in an amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION

### (Race and National Origin Harassment in Violation of Govt. Code §12940 et seq.– By Plaintiff Against Defendants and Does 1 through 100)

45.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

46.    The FEHA explicitly prohibits any employer or any other person from harassing an employee because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation. Gov. Code § 12940(j).

47.    TCIC and TCICA were at all times material herein Plaintiff's employer pursuant to Government Code sections 12940(d) and 12940(j)(4) and were therefore barred from harassing their employees in violation of Government Code section 12940(j).

48.    Defendants' harassment, as set forth above, created an abusive working environment in violation of Government Code section 12940(j). Defendants and/or their

8

agents/employees harassed Plaintiff and/or failed to take immediate and appropriate corrective action. The harassment was sufficiently pervasive and severe as to alter the conditions of employment and to create a hostile or abusive work environment.

49.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered emotional distress and physical symptoms, pain and suffering, has lost income and related benefits, past and future, and medical expenses, all to his damage in a sum according to proof.

50.   Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

51.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Plaintiff, thereby justifying an award to him of punitive damages.

### FOURTH CAUSE OF ACTION
**(Hostile Work Environment in Violation Govt. Code §12940 *et seq.*– By Plaintiff Against Defendants and Does 1 through 100)**

52.   Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

53.   The offensive conduct to which Plaintiff was subjected constitutes a hostile work environment in violation to FEHA, California Government Code §12940 et seq. During his employment, Defendants violated FEHA, California Government Code §12940 (j), by discrimination against Plaintiff due to his race, national origin and physical disability.

54.   Defendants' harassment was hostile, abusive, continuous and pervasive to create a hostile work environment for the Plaintiff.

55.   Defendants' harassment was unwelcome, humiliating, offensive and adversely affected the terms of Plaintiff's employment.

9

56.     Plaintiff was subjectively offended by Defendants' conduct and any reasonable person in Plaintiff's position would perceive Defendants' conduct as being offensive, hostile and abusive.

57.     As a direct result of Defendants' failure to take all reasonable steps necessary to prevent discrimination, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress, loss of earnings and earning capacity. Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial.

58.     Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

48.     All actions of Defendants, and each of them, were known, ratified and approved by the officers or managing agents of TCIC and TCICA. Therefore, Plaintiff is entitled to punitive or exemplary damages against Defendants in an amount to be determined at the time of trial.

## FIFTH CAUSE OF ACTION

### (Failure to Accommodate Physical Disability in Violation of *Government Code* § 12940(m) – By Plaintiff Against Defendants and Does 1 through 100)

59.     Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

60.     As alleged herein, in April 2019, Plaintiff requested that Defendants make a reasonable accommodation for his physical disability so that he would be able to perform the essential job requirements. Defendants refused said accommodation and refused to discuss any other potential reasonable accommodation it might afford to Plaintiff, wrongfully terminating Plaintiff instead on or about April 21, 2019.

61.     By refusing to afford Plaintiff a reasonable accommodation, Defendants violated *Government Code* § 12940(m).

10

62.     As a direct and proximate result of Defendants' conduct, individually and collectively, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

63.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe and serious injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof.

64.     As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages for the reasons set forth in paragraph 33 above.

65.     Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

## SIXTH CAUSE OF ACTION

### (Failure to Engage in a Good Faith Interactive Process in Violation of *Government Code* §12940(n) – By Plaintiff Against Defendants and Does 1 through 100)

66.     Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

67.     At all times hereto, FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding on Defendants. This subsection imposes a duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine reasonable accommodation, if any, in response to a request for a reasonable accommodation by an employee with a known physical disability or known medical condition.

68.     At all relevant times, Plaintiff was a member of a protected class within the meaning of Government Code §12940(a) *et seq.* because he had a disability, due to injuries suffered, of which Defendant had both actual and constructive notice.

69.     Plaintiff reported his disability to Defendants, triggering Defendants' obligation to engage in a good faith interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.

11

COMPLAINT AND DEMAND FOR JURY TRIAL

70.     Defendants breached their statutory duty under FEHA to engage in a timely good faith interactive process to determine a reasonable accommodation for Plaintiff's physical disability. Plaintiff further alleges: (1) that TCIC and TCICA were the Plaintiff's employer; (2) that Plaintiff was an employee of TCIC and TCICA; (3) that Plaintiff sustained an injury that required reasonable accommodation and which injury was known to Defendants; (4) that Plaintiff requested that Defendants make reasonable accommodation for his injury and/or physical condition so that he would be able to perform the essential functions of his job requirements; (5) that Plaintiff was willing to participate in the interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements; (6) that Defendants failed to participate in a timely good faith interactive process with Plaintiff to determine whether reasonable accommodation could be made; (7) that Plaintiff was harmed financially; and (8) that Defendants' failure to engage in a good faith interactive process was a substantial factor in causing Plaintiff's damage and harm. Instead of engaging in a good faith interactive process, TCIC and TCICA, wrongfully terminated Plaintiff on or about April 21, 2019.

71.     The above acts of Defendants constitute violations of FEHA, and were a proximate cause in Plaintiff's damages as stated below.

72.     As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages for the reasons set forth in paragraph 33 above.

73.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### (Retaliation in Violation of *Government Code* §§12940 *et seq.* – By Plaintiff Against Defendants and Does 1 through 100)

74.     Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

12

75.     This cause of action is brought pursuant to the FEHA, Govt. Code §12940(h), which provides that it is unlawful to retaliate against a person "because the person has opposed any practices forbidden under [Government Code sections 12900 through 12966] or because the person has filed a complaint, testified, or assisted in any proceeding under the FEHA."

76.     As a result of his disabilities, national origin and race, Plaintiff was denied the right to work in an environment free of discrimination, was denied accommodation for his work injuries and was wrongfully terminated by Defendants.

77.     Defendants' retaliatory conduct toward Plaintiff caused him emotional injury, including, but not limited to, humiliation, anxiety, fear, and loss of self-esteem. Defendants' retaliatory conduct was a substantial factor and the proximate cause of Plaintiff's damages.

78.     Plaintiff's disability, national origin and race were the reasons Defendants retaliated against him.

79.     Plaintiff has suffered monetary damages, lost wages and privileges of employment illegally caused by Defendants' discriminatory conduct in an amount according to proof.

80.     As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages for the reasons set forth in paragraph 33 above.

81.     Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

## EIGHTH CAUSE OF ACTION

**(Failure to Prevent Retaliation from Occurring in Violation of *Government Code* §12940(k) – By Plaintiff Against Defendants and Does 1 through 100)**

82.     Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

83.     Defendants' conduct in subjecting Plaintiff to discriminatory conduct due to Plaintiff's disability constituted breach of their duty under FEHA, including the duty to take immediate and appropriate corrective action and to take all reasonable steps to prevent

13

discrimination and retaliation from occurring pursuant to California Government Code Section 12940(k).

84. Defendants failed to take measures to prevent discrimination and retaliation.

85. As a direct result of the Defendants' failure to take all reasonable steps necessary to prevent discrimination, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress, loss of earnings and earning capacity. Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial.

86. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages for the reasons set forth in paragraph 33 above.

87. Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

## NINTH CAUSE OF ACTION

**(Failure to Promote In Violation of Govt. Code §§12940 *et seq.*– By Plaintiff Against Defendants and Does 1 through 100)**

88. Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

89. Plaintiff was denied promotion and raises, on the basis of race and national origin discrimination and on the basis that Plaintiff complained to TCIC and TCICA about the harassment and discrimination he was experiencing.

90. TCIC's and TCICA's conduct toward Plaintiff violates Govt. Code §12940 *et seq.* and the public policy of the State of California, including, but not limited to, public policy which prohibits discrimination on the basis of race and national origin and which prohibits retaliation against employees who oppose wrongful discriminatory employment practices.

91. As a proximate cause of TCIC's and TCICA's conduct, Plaintiff has suffered, and continues to suffer, economic damages including, but not limited to, loss of wages and employment benefits, in an amount according to proof.

14

92.     As a further proximate result of the conduct of TCIC and TCICA, Plaintiff suffered mental and emotional distress in an amount according to proof.

93.     Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

94.     As a result of TCIC and TCICA's conduct, Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

**TENTH CAUSE OF ACTION**

**(Wrongful/Constructive Termination in Violation of Public Policy, Govt. Code §§12940 *et seq.*– By Plaintiff Against Defendants and Does 1 through 100)**

95.     Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

96.     Plaintiff alleges that significant policies exist in the State of California that prohibit discrimination and wrongfully/constructively terminating an employee for being disabled and of a certain race and national origin. Among others, the right to be free from discrimination and retaliation are codified in the California and United States Constitutions and the provisions of Government Code §§12900 *et seq.*

97.     Defendants, acting through its employees and supervisors, intentionally created and knowingly permitted the discrimination based on disability, national origin and race.

98.     Defendants wrongfully and constructively terminated Plaintiff in violation of important and well-established public policies, including, but not limited to, policies against employment discrimination based upon disability, national origin and race.

99.     These policies are set forth in various laws including but not limited to Government Code §§12940 (a), 12940 (n), 12940(m); Cal. Const. Art. 1, §8 (employment discrimination).

100.    Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to according to proof.

15

101.   As a further proximate result of the unlawful acts of Defendants, as alleged above, Plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress that a reasonable person would suffer upon losing his job. As a result of such actions and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

102.   The above acts of Defendants constitute a wrongful/constructive termination of Plaintiff and were in violation of public policy as described above. Such termination was a substantial factor in causing damage and injury to Plaintiff as set forth below.

103.   Plaintiff believes and thereon alleges that engaging in protected activity, including, but not limited to, requesting a reasonable accommodation and requesting that Defendants engage in a good faith interactive process, were factors in Defendants' conduct as alleged hereinabove.

104.   As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages for the reasons set forth in paragraph 33 above.

105.   Pursuant to California Government Code §12965(b), Plaintiff requests an award of attorneys' fees in this action.

## ELEVENTH CAUSE OF ACTION

**(Interference With FMLA/CFRA Leave in violation of 29 U.S.C. 29 U.S.C. § 2615(a)(1)/ Cal. Govt. Code § 12945.2(a), (t)- By Plaintiff Against Defendants and Does 1 through 100)**

106.   Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

107.   At all times mentioned in this complaint, the FMLA and CFRA were in full force and effect and were binding on Defendants.

108.   Federal law prohibits employers from interfering with, restraining, or denying the exercise of any right under the FMLA. 29 U.S.C. § 2615(a)(1). A violation of the FMLA

16

"simply requires that the employer deny the employee's entitlement to FMLA leave." *Xin Liu v. Amway Corp.* (9th Cir. 2003) 347 F.3d 1123, 1135.

109.    At all relevant times mentioned herein, there existed the California Family Rights Act ("CFRA"), codified at Government Code § 12945.2. The CFRA, enacted as the Moor-Brown-Roberti Family Rights Act under Government Code section 12945.2, is part of the FEHA. Gov't Code § 12900 et seq.

110.    The CFRA adopts the language of the FMLA and the same standards apply to the application of the CFRA as to the FMLA.

111.    CFRA expressly incorporates the federal regulations implementing the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq. ("FMLA"), to the extent they are not inconsistent with CFRA. *See e.g., Faust v. California Portland Cement Co.* (2007) 150 Cal. App. 4th 864, 878-79; *see also,* 2 C.C.R. § 11097.

112.    Under CFRA, an eligible employee is entitled to unpaid leave for his own serious health condition for a period of up to twelve (12) workweeks during a twelve-month period. Gov. Code § 12945.2(a), (c)(3)(A). Such leave may be taken on a full-time or intermittent basis, including increments as small as one-hour. Leave may also occur on a reduced schedule basis.

113.    It is unlawful for an employer covered by CFRA to refuse an eligible employee's request for CFRA qualifying medical leave; further, unless the employer guarantees employment in the same or comparable position upon termination of the CFRA leave, then the request is deemed refused; and, an employee who takes CFRA leave is guaranteed that his taking of leave will not result in a loss of job security or any other adverse employment action. Gov. Code § 12945.2

114.    It is an unlawful employment practice for a covered employer to interfere with, restrain or deny the exercise of, or the attempt to exercise, any rights under CFRA. Gov. Code

17

§ 12945.2(a), (t). An "interference" claim under CFRA "simply requires that the employer deny the employee's entitlement to CFRA leave." *Faust v. California Portland Cement Co.* (2007) 150 Cal. App. 4th 864, 879. Instead, the employee need only "state the reason the leave is needed." 2 Cal. Code Regs. § 11091.

115.   Defendants were at all times a material employer under the FMLA and CFRA. 29 C.F.R. § 825.104(d); Cal. Gov't Code § 12945.2(b).

116.   Plaintiff was a covered employee under the FMLA and CFRA.

117.   By terminating Plaintiff on April 21, 2019, while he was on FMLA/CFRA leave, Defendants violated the FMLA/CFRA.

118.   As a proximate result of Defendants' conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

119.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result. Plaintiff is informed and believes and thereon alleges that he will continue to experience emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendants as follows:

1.   For compensatory damages for lost wages and employment benefits, in an amount according to proof;

18

2.     For compensatory damages for physical injury and emotional distress, in an amount according to proof;

3.     For an award of consequential damages, in an amount to be proven at trial;

4.     For punitive and exemplary damages, in a sum to be determined at trial;

5.     For attorneys' fees under Government *Code* § 12965(b), according to proof;

6.     For prejudgment interest, according to proof;

7.     For reasonable costs of suit, in an amount according to proof;

8.     For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Brent Lindsey hereby respectfully requests a trial by jury for all claims and issues raised in his Complaint that may be entitled to a jury trial.

LIPELES LAW GROUP, APC

Date: August 5, 2019

By: _____
Thomas Schelly
Kevin Lipeles
Attorneys for Plaintiff
Brent Lindsey

19

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Thomas H. Schelly  s/b #217285<br>Lipeles Law Group, APC<br>880 Apollo St., Ste. 336<br>El Segundo, CA  90245<br>TELEPHONE NO.: (310) 322-2211      FAX NO.: (310) 322-2252<br>ATTORNEY FOR *(Name):* Brent Lindsey | **FOR COURT USE ONLY**<br><br>FILED<br>Superior Court Of California,<br>Sacramento<br>08/06/2019<br>jhall<br>By:_____, Deputy<br>Case Number:<br>34-2019-00262231 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th Street, Room 102, (1st Floor),
MAILING ADDRESS: 720 9th Street, Room 102, (1st Floor),
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Lindsey v. Travelers Commercial Insurance Company, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):*  Eleven (11)
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 5, 2019

Thomas H. Schelly
_____          _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME:   Gordon D Schaber Courthouse<br>PHONE NUMBER:   (916) 874-5522 | |

| SHORT TITLE:   Lindsey vs. Travelers Commercial Insurance Company, a C | |
|---|---|

| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br>34-2019-00262281-CU-OE-GDS |
|---|---|

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 02/06/2020 in Department  23  in accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**      Page: 1

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 08/07/2019

Kevin  Culhane, Judge of the Superior Court