UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brent Lindsey, | No. 2:19-cv-01855-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Travelers Commercial Insurance Co., et al., | |
| Defendants. | |

This employment discrimination case was dismissed and submitted to arbitration. The arbitrator found in favor of defendant Travelers Commercial Insurance Company and against plaintiff Brent Lindsey. As explained below, the arbitrator refused "to hear evidence pertinent and material to the controversy" under the Federal Arbitration Act, so Mr. Lindsey's motion to vacate the arbitration award is **granted**.

**I.    BACKGROUND**

This case began in California state court in 2019. *See generally* Compl., Not. Removal Ex. A, ECF No. 1-1. Mr. Lindsey alleged he had worked as a claims adjuster at Travelers for several years and that Travelers had discriminated against him and harassed him. *See id.* ¶¶ 11–24. He asserted eleven claims under federal and state law. *See id.* ¶¶ 27–119. For present purposes, only his ninth claim is relevant. In that claim, he alleged Travelers had denied him promotions and raises because of his race, which is African American. *See id.* ¶¶ 88–94. Under

1

the California Fair Employment and Housing Act, which he cited in his complaint, it is unlawful for an employer to discriminate on the basis of race when setting compensation or the "terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a).

Travelers removed the case to this court, ECF No. 1, then moved to compel arbitration, ECF No. 6. Before that motion was resolved, the parties stipulated to dismiss the action and to submit the case to arbitration. ECF No. 17. Arbitration then began before the American Arbitration Association. *See* Arbitration Agreement, Anderson Decl. Ex. B, ECF No. 22-1. The parties selected David G. Freedman, an experienced attorney, as their arbitrator. *See id.* ¶ 4 & Ex. C, ECF No. 22-1; *see also id.* Ex. B at 3 (describing the selection process).

During discovery, Mr. Lindsey requested documents, propounded interrogatories, and noticed depositions. *See id.* ¶¶ 6–7 & Ex. E, ECF No. 22-1. Travelers complied with many of these discovery requests, and Mr. Lindsey took four depositions. *See id.* But a dispute arose over one of Mr. Lindsey's document requests, which he submitted alongside his request for deposition testimony by a Travelers corporate representative. *See* Kottke Decl. Ex. C, ECF No. 19-1. In that request, he asked for copies of "all documents showing pay of other adjusters in [Mr. Lindsey's] department at during [sic] relevant periods of their employment with [Travelers]." *Id.* at 9. Based on a conversation with a former manager, Mr. Lindsey believed Travelers had paid him much less than it had paid his similarly qualified white coworkers. *See* Mot. Compel at 2, Kottke Decl. Ex. R, ECF No. 19-1. Travelers objected and refused to produce the records. *See id.*

Mr. Lindsey moved to compel three times. Discovery Order No. 1, Kottke Decl. Ex. D, ECF No. 19-1; R. Kottke Email to D. Freedman (Nov. 13, 2020), Kottke Decl. Ex. M at 2, ECF No. 19-1; Mot. Compel, Kottke Decl. Ex. R, ECF No. 19-1. The arbitrator denied all three motions. *See id.* He instead granted summary judgment to Travelers. *See generally* Ruling on Summ. J., Kottke Decl. Ex. T, ECF No. 19-1. On the ninth claim, the arbitrator concluded Lindsey had not cited evidence to show "race was even a factor" in Travelers' pay and promotion decisions. *Id.* at 12. The arbitrator thus entered a final award for Travelers. *See* Final Award, Kottke Decl. Ex. W, ECF No. 19-1.

1    Mr. Lindsey then filed his current petition to vacate the arbitrator's award. *See generally*
2    Pet., ECF No. 19. He limits his motion to his ninth claim and argues the award should be vacated
3    with respect to that claim under the Federal Arbitration Act. *See id.* at 1 (citing Compl. ¶ 89 and
4    9 U.S.C. § 10). He argues the arbitrator refused "to hear evidence pertinent and material to the
5    controversy." Pet. at 1 (quoting 9 U.S.C. § 10(a)(3)). Travelers opposes the motion, *see*
6    *generally* Opp'n, ECF No. 22, and Lindsey has replied, *see generally* Reply, ECF No. 23. The
7    court submitted the matter without hearing oral argument. Min. Order 24.

8    **II.    LEGAL STANDARD**

9    Under the Federal Arbitration Act, a federal district "must confirm an arbitration award
10   unless it is vacated, modified or corrected as prescribed in §§ 10 and 11." *Hall Street Assocs.,*
11   *LLC v. Mattell, Inc.*, 552 U.S. 576, 582 (2008) (citations and quotation marks omitted). "Section
12   10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one."
13   *Id.* The only grounds for vacating an arbitration award are, as a result, those listed in § 10. *U.S.*
14   *Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010). That section permits
15   a district court to vacate an award "where the arbitrators were guilty of misconduct . . . in refusing
16   to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). The party
17   seeking to vacate an arbitration award must show it is entitled to that relief. *U.S. Life Ins.*, 591
18   F.3d at 1173. If "procedural aberrations rise to the level of affirmative misconduct," the court
19   may not settle the merits itself. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484
20   U.S. 29, 40 n.10 (1987). "Instead, the court should simply vacate the award, thus leaving open
21   the possibility of further proceedings if they are permitted under the terms of the agreement." *Id.*

22   **III.   DISCUSSION**

23   The Supreme Court and Ninth Circuit have set a high bar for those who move to vacate an
24   arbitration award under § 10(a)(3). A federal court's review "is 'both limited and highly
25   deferential.'" *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 730 (9th Cir. 2006)
26   (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)). When a
27   court assesses a claim of misconduct or misbehavior under section 10(a)(3), it does not ask
28   whether the arbitrator's decisions were right or wrong; rather, it asks "whether the parties

1    received a fundamentally fair hearing." *Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d
2    1152, 1158 (9th Cir. 2016). "A hearing is fundamentally fair if the minimal requirements of
3    fairness—adequate notice, a hearing on the evidence, and an impartial decision by the
4    arbitrator—are met." *Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d
5    410, 413 (9th Cir. 1996). A hearing is not fundamentally fair if the arbitrator's procedure was a
6    "sham, substantially inadequate or substantially unavailable." *Fed. Deposit Ins. Corp. v. Air Fla.*
7    *Sys., Inc.*, 822 F.2d 833, 842 (9th Cir. 1987) (citations and quotation marks omitted).

8        These general rules extend to an arbitrator's evidentiary decisions. Arbitrators enjoy
9    "wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and
10   when they see fit." *U.S. Life Ins.*, 591 F.3d at 1175 (quoting *Indus. Risk Insurers v. M.A.N.*
11   *Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1444 (11th Cir. 1998)). As the First Circuit has put it,
12   § 10(a)(3) "does not require arbitrators to consider every piece of relevant evidence presented to
13   them." *Doral Fin. Corp. v. Garcia-Velez*, 725 F.3d 27, 31 (1st Cir. 2013). An award can be
14   vacated under § 10(a)(3) only if an error was "in bad faith or so gross as to amount to affirmative
15   misconduct," *United Paperworkers*, 484 U.S. at 40, thus depriving the parties of a
16   "fundamentally fair" hearing, *Move*, 840 F.3d at 1158.

17       Three frequently cited and persuasive decisions by the First, Second, and Fifth circuits
18   illustrate the kinds of refusals to consider evidence that have run afoul of § 10(a)(3). The first is
19   *Gulf Coast Industries Workers Union v. Exxon Co., USA*, 70 F.3d 847 (5th Cir. 1995), an
20   employment dispute. The employer had hired an inspector to search for drugs in its refinery. *See*
21   *id.* at 848. The inspector found marijuana in a car that belonged to an employee whose
22   responsibilities included the handling of "highly volatile gasses and liquids and high temperatures
23   and pressures." *Id.* The employee refused a drug test, so the company fired him. *Id.* at 849.
24   During the ensuing arbitration, the company attempted to introduce test results showing that what
25   the inspector had found in the employee's car was in fact marijuana. *See id.* at 849. The
26   arbitrator said that was not necessary; "it was already in evidence." *Id.* But after the hearings
27   were complete, the arbitrator ordered the employer to reinstate the employee with backpay
28   because the employer had not proven the inspector had found marijuana. *Id.* "The arbitrator then

spent five pages of his decision in a diatribe on the unreliability of hearsay." *Id.* This constituted misconduct. *See id.* at 850.

Second, in *Hoteles Condado Beach, La Concha & Convention Center v. Union de Tronquistas Local 901*, 763 F.2d 34 (1st Cir. 1985), another employment dispute, a man had been fired after a guest claimed he had exposed himself to her. *See id.* at 36. The employee was later convicted of indecent exposure, but his conviction was overturned on appeal. *Id.* In the employment arbitration that followed, the guest, a married woman, agreed to testify, but only if her husband could be there with her when she did. *See id.* at 36–37. The arbitrator denied that request, so the wife refused to testify. *Id.* at 37. In lieu of the woman's live testimony, the arbitrator permitted the hotel to introduce a transcript of the couple's testimony during the criminal case. *Id.* But the arbitrator then refused to give the transcript any weight and found in the employee's favor. *Id.* at 40. This counted as was misconduct. "The testimony was unquestionably relevant," and "no other evidence was available to substantiate or to refute the Company's charges." *Id.*

Finally, in *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16 (2d Cir. 1997), a contract dispute, a witness with "crucial testimony" was temporarily unavailable due to a family medical problem. *See id.* at 17–18. The arbitration panel decided not to wait for the witness to be available because it could consider several letters and reports instead. *See id.* at 18, 20. These letters and reports were "not at all representative" of what the witness would likely have said if he had testified. *See id.* at 20. The panel's refusal to hear his testimony was "misconduct" under § 10(a)(3).

This case is an example of a similarly inexplicable refusal to hear "evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). The arbitrator denied Mr. Lindsey's request for payroll data because—according to the account of Travelers' attorney, which Mr. Lindsey does not dispute—salary comparisons were irrelevant. *See* Anderson Decl. ¶ 12, ECF No. 22-1. Travelers then moved for summary judgment. It contended among other things that Mr. Lindsey had no evidence to prove any Travelers employees who were not African American had been treated more favorably. *See* Mot. Summ. J. at 13–14, Anderson Decl. Ex. A, ECF No. 22-1.

While Travelers' motion was pending, Mr. Lindsey again moved to compel production of information about what it had paid its other employees. *See* Mot. Compel, Kottke Decl. Ex. R, ECF No. 19-1. He explained why he thought these records were relevant: he had spoken to a manager about his pay before he had left the company, and the manager had told him he was making about $30,000 to $40,000 less than white employees with similar or less experience. *See id.* at 2. He had said the same thing in response to Travelers' interrogatories. *See* Resp. to Form Interrog. No. 201.3, Kottke Decl. Ex. A, ECF No. 19-1.

Rather than ruling on the motion to compel, the arbitrator granted summary judgment to Travelers. *See generally* Ruling on Summ. J., Kottke Decl. Ex. T, ECF No. 19-1. On the disputed ninth claim, the arbitrator concluded Lindsey had not cited evidence to show "race was even a factor" in Travelers' pay and promotion decisions. *Id.* at 12. According to the arbitrator, Mr. Lindsey had relied solely "on his uncorroborated opinion that his race was a reason he did not receive the promotions." *Id.* Nor had he offered evidence "to support his allegation that race was even a factor in his compensation." *Id.* In conclusion, the arbitrator emphasized once more that Mr. Lindsey's "subjective belief that his race was a reason he did not receive a raise is insufficient to raise a triable issue." *Id.* After granting summary judgment to Travelers, the arbitrator denied Mr. Lindsey's motion to compel production of the salary data. *See* Case Mgmt. Order No. 5, Kottke Decl. Ex. S, ECF No. 19-1. Now that summary judgment had been granted, the arbitrator explained, the discovery dispute was moot. *See id.*

In short, the arbitrator denied Mr. Lindsey the very evidence he later faulted him for not producing. That decision rendered the proceedings fundamentally unfair. Any differences between Mr. Lindsey's compensation and the compensation Travelers had paid its similarly qualified white employees would corroborate Mr. Lindsey's claims of disparate treatment in circumstances suggestive of discrimination, supporting his prima facie case. *See Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 n.20 (2000). Statistical disparities between salaries could also prove a facially neutral policy had a "disproportionate adverse effect," *id.*, and thus could have supported a disparate impact claim, *see Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1404–05 (2015).

This case is thus similar to *Gulf Coast,* 70 F.3d 847, *Hoteles Condado*, 763 F.2d 34, and *Tempo Shain*, 120 F.3d 16.  In each of those cases, the arbitrator excluded or refused to consider the only evidence a party offered to support a crucial aspect of its claim.  In *Gulf Coast*, it was the company's evidence that it had found drugs in its employee's car.  *See* 70 F.3d at 849–50.  In *Hoteles Condado*, it was the only testimony that could have proven or refuted the hotel's charge that its employee had exposed himself to a guest.  *See* 763 F.2d at 40.  In *Tempo Shain*, it was crucial testimony about the disputed negotiations and contract.  *See* 120 F.3d at 18–20.  In this case, it was evidence that Travelers had paid Mr. Lindsey less than its other employees.

For all of the foregoing reasons, the court will grant the motion to vacate.  While the court "also has the authority to remand for further proceedings when this step seems appropriate," *United Paperworkers*, 484 U.S. at 40 n.10, plaintiff has not requested remand and the court declines to order the matter remanded on the present record.  If either or both parties request an order of remand, the court will consider the question at that time.

**IV.    CONCLUSION**

The motion to vacate (ECF No. 19) is **granted.**

IT IS SO ORDERED.

DATED:  October 19, 2022.

CHIEF UNITED STATES DISTRICT JUDGE