UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brent Lindsey, | No. 2:19-cv-01855-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Travelers Commercial Insurance Company, et al., | |
| Defendants. | |

The court previously granted the parties' stipulated request to submit this action to arbitration. *See* Stip., ECF No. 17; Min. Order, ECF No. 18. After the arbitrator issued an award in favor of defendants, plaintiff Brent Lindsey moved to vacate that award under section 10(a)(3) of the Federal Arbitration Act, but only as to one of the eleven claims in his complaint. *See generally* Mot. Vacate, ECF No. 19. The court granted that motion, and the Ninth Circuit affirmed the court's order in an unpublished memorandum disposition. *See* Prev. Order, ECF No. 25; Ninth Cir. Mem., ECF No. 29.

Lindsey now moves to remand the action to arbitration. *See generally* Mot. Remand, ECF No. 31. He asks the court to order specifically that a different arbitrator hear the case on remand "to avoid the prejudice previously found." *Id.* at 1. Separately he moves for an award of the attorneys' fees he incurred seeking to vacate the award and defending this court's order on

1

appeal. *See generally* Mot. Fees, ECF No. 32.  Defendants do not oppose Lindsey's motion to remand the matter to arbitration, but they do oppose his request for an order reassigning the matter to a different arbitrator.  *See generally* Opp'n Remand, ECF No. 36.  Defendants also oppose Lindsey's request for fees, and they contend his request for fees is so frivolous that the court should award them their own costs in opposing it, citing 28 U.S.C. § 1927 and this court's inherent authority.  *See generally* Opp'n Fees, ECF No. 35.  Lindsey filed a reply in support of his motion to remand, but not in support of his fees motion.  *See generally* Reply, ECF No. 37.  The court took both matters under submission without a hearing.  *See* Min. Order, ECF No. 38.

**1. Remand:**  The court grants Lindsey's unopposed motion to remand the matter to arbitration.  *See United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 n.10 (1987) ("The court . . . has the authority to remand for further proceedings when this step seems appropriate.").

**2. Reassignment:**  The court denies Lindsey's request for an order directing that the arbitration proceed before a different arbitrator on remand.  Lindsey cites no authority that would permit this court to issue such an order.  The court itself has not identified any controlling law addressing the question.  There may be some circumstances in which a district court could order a reassignment, such as conduct showing the arbitrator was not an impartial adjudicator.  *See Grand Rapids Die Casting Corp. v. Loc. Union No. 159, United Auto., Aerospace & Agr. Implement Workers of Am., UAW*, 684 F.2d 413, 416 (6th Cir. 1982); *Hart v. Overseas Nat. Airways Inc.*, 541 F.2d 386, 393–94 (3d Cir. 1976); *CoreCivic of Tennessee v. Loc. 825 Int'l Union, Sec., Police & Fire Pros. of Am.*, No. 21-00410, 2022 WL 4386722, at *2 (D. Ariz. Sept. 22, 2022).  But federal district courts ordinarily play a relatively limited role when they review arbitration awards under section 10(a) of the Federal Arbitration Act.  *See United Paperworkers*, 484 U.S. at 40 n.10 ("[T]he court should simply vacate the award, thus leaving open the possibility of further proceedings if they are permitted under the terms of the agreement."); *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) ("[Section 10(a)] afford[s] an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration

2

procedures."). Even assuming this court could order a reassignment on remand, it would not do so on this record. Lindsey has not shown the arbitrator was biased, faced a conflict of interest or engaged in conduct that compromised the appearance of impartiality. That said, this order does not bar Lindsey from seeking a different arbitrator under the terms of the arbitration agreement or the relevant arbitration rules. *Elecs. Corp. of Am. v. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO Loc. 272*, 492 F.2d 1255, 1257 (1st Cir. 1974) ("[W]e think it best if on remand the parties be free to proceed with a different arbitrator if they choose to do so.").

**3. Fees:** The court denies Lindsey's request for an award of attorneys' fees. The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010) (quotation marks and citations omitted). Lindsey relies on the California Fair Employment and Housing Act to support his fee request. *See* Mot. Fees at 7 (citing Cal. Gov't Code § 12965(c)(6)). That law gives the court discretion to award fees and costs to "the prevailing party." Cal. Gov't Code § 12965(c)(6). To decide which party is the "prevailing" party, the court analyzes "the extent to which each party has realized its litigation objectives." *Bustos v. Glob. P.E.T., Inc.*, 19 Cal. App. 5th 558, 562–63 (2017) (quoting *Castro v. Superior Court*, 116 Cal. App. 4th 1010, 1023 (2004)). Although the court granted Lindsey's motion to vacate the arbitration award, Lindsey has not prevailed on any of his substantive claims. This court vacated the arbitration award and remanded the matter for further arbitration. Lindsey might yet prevail in the arbitration, but defendants, too, might ultimately prevail.

**4. Sanctions:** The court denies defendants' request for sanctions under 28 U.S.C. § 1927 and under this court's inherent authority. Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). This court's inherent authority to award fees is similarly limited to cases in which "the

losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980) (quotation marks omitted) (quoting *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)).  Although the court has denied Lindsey's request for fees, the court cannot conclude on this record that he or his counsel requested fees in bad faith such that he should be required to pay defendants' fees.

For the reasons above, (1) the motion to remand the matter to arbitration is **granted**, (2) the motion to reassign the matter to a different arbitrator on remand is **denied**, (3) plaintiff's motion for fees and costs is **denied**, and (4) defendant's request for sanctions is **denied**.

This order resolves ECF Nos. 31 and 32.

IT IS SO ORDERED.

DATED:  May 10, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE